**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| UNILOC USA, INC. and | § | |
| UNILOC LUXEMBOURG, S.A., | § | Civil Action No. 1:17-cv-00755 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | PATENT CASE |
| | § | |
| BOX, INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and

for their first amended complaint against defendant, Box, Inc. ("Box"), allege as follows:

### THE PARTIES

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place

of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024.

Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited

liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-

2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of application

management in a computer network.

4.      Box is a Delaware corporation and offers its products and services, including

those accused herein of infringement, to customers and/or potential customers located in Texas

and in the judicial Western District of Texas. Box may be served with process through its

registered agent: Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado

80202-5180.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the

United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331, 1338(a) and 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).  Box has

a regular and established place of business at One American Center, 600 Congress Avenue,

Austin, Texas 78701.

7.      Box is subject to this Court's jurisdiction pursuant to due process and/or the

Texas Long Arm Statute due at least to its substantial business in this State and judicial district,

including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting

business in Austin, Texas and/or (C) engaging in persistent conduct and/or deriving substantial

revenue from goods and services provided to customers in Texas.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

8.      Uniloc incorporates paragraphs 1-7 above by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,324,578

("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM

PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON

A NETWORK that issued on November 27, 2001. A true and correct copy of the '578 Patent is

attached as Exhibit A hereto.

10.     Uniloc USA is the exclusive licensee of the '578 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



12.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



13.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



14.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



15.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



16.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



17.     Upon information and belief, the following describes, at least in part, how the Box

content management and collaboration system works:



18.     Upon information and belief, the following describes, at least in part, how the Box

content management and collaboration system works:



19.     Upon information and belief, the following describes, at least in part, Box's login

process:



20.     Upon information and belief, the following describes, at least in part, Box's

Server Farms:

## "Box" Server Farms

- Box.com uses a mixture of Amazon Web Services' "EC2" virtual cloud servers combined with their own servers in 10 leased data centers
- Their leased data centers are located in
  Palo Alto, California
  Portland, Oregon
  Chicago, Illinois
  New York state
  Sao Paulo, Brazil
  Amsterdam, Netherlands
  Tokyo, Japan
  Singapore
  Sydney, Australia

21.     Upon information and belief, the following describes, at least in part, how the Box

content management and collaboration system works:



22.    Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



23.    Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



24.    Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



25.   Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



26.   Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



27.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



28.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:



29.     Upon information and belief, the following describes, at least in part, how the Box content management and collaboration system works:

How Do I Manage Email Notifications From Box?

by UserServices on 01-28-2015 08:29 PM - edited on 01-26-2016 03:59 PM by Karna     (11,527 Views)

Labels: Settings

You can customize the types of email notifications you receive by modifying the email notification settings in your account. These settings can be adjusted by

- The Box Administrator
- The Box User
- At folder levels

30.     Box has directly infringed, and continues to directly infringe one or more claims of the '578 Patent in this judicial district and elsewhere in Texas, including at least claims 1-8, 10-11, 13-39, and 41-46 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Box content management and collaboration system during the pendency of the '578 Patent which software and associated backend server architecture *inter alia* allows for installing an application program having a plurality of configurable preferences and authorized users on a server coupled to a network, distributing an application launcher program to a client, obtaining a user set of the configurable preferences, obtaining an administrator set of configurable preferences and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

31.     In addition, should the Box content management and collaboration system be found to not literally infringe the asserted claims of the '578 Patent, the product would nevertheless infringe the asserted claims of the '578 Patent. More specifically, the accused system performs substantially the same function (obtaining user and administrator sets of configurable preferences), in substantially the same way (via a user and administrator), to yield substantially the same result (executing an application program using the configurable preferences in response to a request from a user on a network). Box would thus be liable for direct infringement under the doctrine of equivalents.

32.     Box has indirectly infringed and continues to indirectly infringe at least claims 1-8, 10-11, 13-39, and 41-46 of the '578 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Box content management and collaboration system. Box's customers who use the Box

content  management and collaboration system in accordance with Box's instructions directly infringe one or more of the forgoing claims of the '578 Patent in violation of 35 U.S.C. § 271. Box directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.box.com

- https://app.box.com

- https://account.box.com

- www.youtube.com

Box is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

33.    Box has indirectly infringed and continues to indirectly infringe at least claims 1-8, 10-11, 13-39, and 41-46 of the '578 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Box content management and collaboration system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '578 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

34.    For example, the Box content management and collaboration system is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Box content management and collaboration system is a material part of the claimed inventions and upon information and belief is not a staple article

or commodity of commerce suitable for substantial non-infringing use. Box is, therefore, liable for infringement under 35 U.S.C. § 271(c).

35.     Box will have been on notice of the '578 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on August 17, 2016. By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-8, 10-11, 13-39, and 41-46 of the '578 Patent.

36.     Box may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its content management and collaboration system. Uniloc reserves the right to discover and pursue all such additional infringing software.

37.     Uniloc has been damaged, reparably and irreparably, by Box's infringement of the '578 Patent and such damage will continue unless and until Box is enjoined.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

38.     Uniloc incorporates paragraphs 1-37 above by reference.

39.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR DISTRIBUTION OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006. A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

40.     Uniloc USA is the exclusive licensee of the '293 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

41.     Box has directly infringed, and continues to directly infringe one or more claims of the '293 Patent in this judicial district and elsewhere in Texas, including at least claims 1, 12 and 17 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Box content management and collaboration system during the pendency of the '293 Patent which software and associated backend server architecture *inter alia* allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration operations for the application program at a target on-demand server and distributing the file packet to the target ondemand server to make the program available for use by a client user.

42.     In addition, should the Box content management and collaboration system be found to not literally infringe the asserted claims of the '293 Patent, the product would nevertheless infringe the asserted claims of the '293 Patent. More specifically, the accused system performs substantially the same function (distributing an application program to a target on-demand server on a network), in substantially the same way (via initiation of registration operations for the application program at the target on-demand server), to yield substantially the same result (making the application program available for use by a user at a client). Box would thus be liable for direct infringement under the doctrine of equivalents.

43.     Box has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent in this judicial district and elsewhere in the United States by, among

other things, actively inducing the using, offering for sale, selling, or importing the Box content management and collaboration system. Box's customers who use the Box content management and collaboration system in accordance with Box's instructions directly infringe one or more of the forgoing claims of the '293 Patent in violation of 35 U.S.C. § 271. Box directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.box.com

- https://app.box.com

- https://account.box.com

- www.youtube.com

Box is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

44.     Box has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Box content management and collaboration system, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '293 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

45.     For example, the Box content management and collaboration system is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Box content management and collaboration system

2765572.v1

is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Box is, therefore, liable or infringement under 35 U.S.C. § 271(c).

46.     Box will have been on notice of the '293 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on August 17, 2016.  By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 12 and 17 of the '293 Patent.

47.     Box may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its content management and collaboration system. Uniloc reserves the right to discover and pursue all such additional infringing software.

48.     Uniloc has been damaged, reparably and irreparably, by Box's infringement of the '293 Patent and such damage will continue unless and until Box is enjoined.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 6,510,466)

49.     Uniloc incorporates paragraphs 1-48 above by reference.

50.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,510,466 ("the '466 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR CENTRALIZED MANAGEMENT OF APPLICATION PROGRAMS ON A NETWORK that issued on January 21, 2003. A true and correct copy of the '466 Patent is attached as Exhibit C hereto.

51.     Uniloc USA is the exclusive licensee of the '466 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

52.     Box has directly infringed, and continues to directly infringe one or more claims of the '466 Patent in this judicial district and elsewhere in Texas, including at least claims 15-20, 22-23, 28-33, 35-37, and 41-42 literally and/or under the doctrine of equivalents, by or  through making, using, importing, offering for sale and/or selling the Box content management and collaboration system during the pendency of the '466 Patent which software and associated backend server architecture *inter alia* allows for installing application programs on a server, receiving a login request, establishing a user desktop interface, receiving a selection of one of the programs displayed in the user desktop interface and providing an instance of the selected program for execution.

53.     In addition, should the Box content management and collaboration system be found to not literally infringe the asserted claims of the '466 Patent, the product would nevertheless infringe the asserted claims of the '466 Patent. More specifically, the accused system performs substantially the same function (selection of an application program), in substantially the same way (via an established user desktop interface), to yield substantially the same result (providing the program for execution). Box would thus be liable for direct infringement under the doctrine of equivalents.

54.     Box has indirectly infringed and continues to indirectly infringe at least claims 15-20, 22-23, 28-33, 35-37, and 41-42 of the '466 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Box content management and collaboration system. Box's customers who use

the Box content management and collaboration system in accordance with Box's instructions

directly infringe one or more of the forgoing claims of the '466 Patent in violation of 35 U.S.C. §

271. Box directly and/or indirectly instructs its customers through training videos,

demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.box.com

- https://app.box.com

- https://account.box.com

- www.youtube.com

Box is thereby liable for infringement of the '466 Patent under 35 U.S.C. § 271(b).

55.    Box has indirectly infringed and continues to indirectly infringe at least claims

15-20, 22-23, 28-33, 35-37, and 41-42 of the '466 Patent in this judicial district and elsewhere in

the United States by, among other things, contributing to the direct infringement by others

including, without limitation customers using the Box content management and collaboration

system, by making, offering to sell, selling and/or importing into the United States, a component

of a patented machine, manufacture or combination, or an apparatus for use in practicing a

patented process, constituting a material part of the invention, knowing the same to be especially

made or especially adapted for use in infringing the '466 Patent and not a staple article or

commodity of commerce suitable for substantial non-infringing use.

56.    For example, the Box content management and collaboration system is a

component of a patented machine, manufacture, or combination, or an apparatus for use in

practicing a patent process. Furthermore, the Box content management and collaboration system

is a material part of the claimed inventions and upon information and belief is not a staple article

or commodity of commerce suitable for substantial non-infringing use. Box is, therefore, liable for infringement under 35 U.S.C. § 271(c).

57.     Box will have been on notice of the '466 Patent since, at the latest, the service of the original complaint filed in the Eastern District of Texas on August 17, 2016.  By the time of trial, Box will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 15-20, 22-23, 28-33, 35-37, and 41-42 of the '466 Patent.

58.     Box may have infringed the '466 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its content management and collaboration system. Uniloc reserves the right to discover and pursue all such additional infringing software.

59.     Uniloc has been damaged, reparably and irreparably, by Box's infringement of the '466 Patent and such damage will continue unless and until Box is enjoined.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Box as follows:

(A)     that Box has infringed the '578 Patent, the '293 Patent and the '466 Patent;

(B)     awarding Uniloc its damages suffered as a result of Box's infringement of the '578 Patent, the '293 Patent and the '466 Patent;

(C)     enjoining Box, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '578 Patent, the '293 Patent and the '466 Patent;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)    granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: August 11, 2017                              Respectfully submitted,

/s/ Brent N. Bumgardner
Paul J. Hayes (Lead Attorney) (Pro Hac to Follow)
Massachusetts State Bar No. 227000
Kevin Gannon (Pro Hac to Follow)
Massachusetts State Bar No. 640931
Dean G. Bostock (Pro Hac to Follow)
Massachusetts State Bar No. 549747
Aaron Jacobs (Pro Hac to Follow)
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: ajacobs@princelobel.com

Brent N. Bumgardner
Texas State Bar No. 00795272
brent@nelbum.com
Christopher G. Granaghan
Texas State Bar No. 24078585
chris@nelbum.com
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**

2765572.v1